IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | |
| | § | NO. 3-10-CR-057-M |
| BENJAMIN A. POTTS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Benjamin A. Potts, a federal prisoner who is representing himself in the above-captioned criminal case, has filed an application for temporary restraining order wherein he alleges that officials at FCI Seagoville have denied him access to an adequate law library and legal materials. For the reasons stated herein, the motion should be denied.

Although defendant designates his pleading as an application for temporary restraining order, the relief he seeks, which includes an order giving him full access to the law library from 4:00 p.m. to 9:30 p.m. seven days a week, extends beyond the 14-day limit of a TRO. The court therefore treats the pleading as a motion for preliminary injunction. *See Neal v. Federal Bureau of Prisons*, 76 Fed.Appx. 543, 545, 2003 WL 22120976 at *1 (5th Cir. Sept. 12, 2003) (request for injunctive relief that extends beyond time limit of TRO is available only through preliminary injunction). To obtain a preliminary injunction, the movant must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v.*

*City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 879 (1998). If the movant fails to carry his burden on any one of the four elements, the court must deny the motion. *See Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 607 (N.D. Tex. 2006); *Sun Water Systems, Inc. v. Vitasalus, Inc.*, No. 4-05-CV-574-Y, 2007 WL 628099 at *7 (N.D. Tex. Feb. 28, 2007).

Defendant's request for injunctive relief is based on the faulty premise that because he represents himself in this criminal proceeding, he is entitled to unrestricted access to the prison law library. He is not. In *Degrate v. Godwin*, 84 F.3d 768 (5th Cir. 1996), the Fifth Circuit made clear that a criminal defendant who rejects the assistance of court-appointed counsel and elects to represent himself "has no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *Id.* at 769; *see also United States v. Whittington*, 269 Fed.Appx. 388, 406, 2008 WL 659150 at *14 (5th Cir. May 10, 2008), *cert. denied*, 128 S.Ct. 2523 (2008), *and cert. denied*, 129 S.Ct. 151 (2008) ("Having rejected the assistance of court-appointed attorneys, neither [defendant] had a right to access a law library."). Like *Degrate*, defendant herein was granted leave to represent himself. The Federal Public Defender has been appointed stand-by counsel. Under these circumstances, defendant has no constitutional right to access a law library.[1]

## RECOMMENDATION

Plaintiff's application for a temporary restraining order [Doc. #34] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1] Although defendant has no legal right to access the prison law library, evidence submitted by the government shows that he has access to the Basic Law Library at the Special Housing Unit "on an as needed basis." (*See* Gov't Resp. App. at 022-23, ¶ 6). In fact, defendant used the law library on June 9, 2010, June 15, 2010, August 26, 2010, and September 4, 2010. (*Id.* at 023, ¶ 9).

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE